UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ESSYE BROWN,

    Plaintiff,

v.                                         Case No.:  8:23-cv-2109-DNF

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____

# OPINION AND ORDER

Plaintiff Essye Brown seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA"), finding she was no longer disabled since March 29, 2018. The Commissioner filed the Transcript of the proceedings ("Tr." followed by the appropriate page number), and the parties filed legal memoranda setting forth their positions. As explained below, the decision of the Commissioner is **AFFIRMED** under § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

    **I.**    **Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision**

        **A.**    **Social Security Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can

be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505–404.1511, 416.905–416.911.

### B. Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). Unlike findings of fact, the Commissioner's conclusions of law are not presumed valid and are reviewed under a de novo

standard. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994); *Maldonado v. Comm'r of Soc. Sec.*, No. 20-14331, 2021 WL 2838362, at *2 (11th Cir. July 8, 2021); *Martin*, 894 F.2d at 1529. "The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Keeton*, 21 F.3d at 1066.

Generally, an ALJ must follow five steps in evaluating a claim of disability. *See* 20 C.F.R. §§ 404.1520, 416.920. Yet when the issue is cessation of disability benefits, then the ALJ must follow an eight-step evaluation for a Title II claim and a seven-step process for a Title XVI claim to determine whether a plaintiff's disability benefits should continue. *See* 42 U.S.C. § 423(f); 20 C.F.R. §§ 404.1594(f), 416.994(b). Here, the ALJ followed an eight-step evaluation and the Court adopts the explanation of each step as set forth in the decision. (Tr.11-12).

C.  **Procedural History**

On January 8, 2008, Plaintiff was found disabled beginning on June 1, 2007. (Tr. 174). In a May 10, 2013 decision, Administrative Law Judge Patrick J. Foley found Plaintiff continued to be disabled. (Tr. 174-80). On March 29, 2018, SSA determined that Plaintiff's health had improved since the last review of her case and she was no longer disabled as of that date. (Tr. 129-170). After a disability hearing by a State agency Disability Hearing Officer, the determination was upheld on

reconsideration. (Tr. 265-88). On February 6, 2020, Administrative Law Judge Edward T. Bauer found Plaintiff's disability ended on March 29, 2018, and she had not become disabled again after this date. (Tr. 183-195). On September 10, 2020, the Appeals Council remanded the case to an administrative law judge for further proceedings. (Tr. 202-204). On remand, ALJ Bauer entered a second decision on July 27, 2021, making the same findings. (Tr. 213-26). The Appeals Council again remanded the case to an administrative law judge for further proceedings. (Tr 235-38).

Plaintiff requested a hearing, and on January 30, 2023, a hearing were held before Administrative Law Judge R. Dirk Selland ("ALJ"). (Tr. 48-73). On February 14, 2023, the ALJ entered a decision finding Plaintiff's disability ended on March 29, 2018, and she had not become disabled again since that date. (Tr. 10-25). On July 19, 2023, the Appeals Council denied Plaintiff's request for review. (Tr. 1-5). Plaintiff initiated instant action by Complaint (Doc. 1) filed on September 19, 2023, and the case is ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (Doc. 15).

### D.    Summary of ALJ's Decision

In this case, the ALJ found the most recent favorable medical decision finding Plaintiff continued to be disabled was the decision dated May 10, 2013. (Tr. 12). The ALJ determined that this decision is known as the "'comparison point decision' or

CPD." (Tr. 12). At the time of the CPD, the ALJ found Plaintiff to have the following medically determinable impairments: "Affective disorder and anxiety related disorder. These impairments were found to meet section(s) 12.04 and 12.06 of 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d) and 416.920(d))." (Tr. 12).

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity through the date of the decision, even though Plaintiff had worked at various times. (Tr. 12). At step two, the ALJ found that since March 29, 2018, Plaintiff has had the following medically determinable impairments: "Migraine headaches, right hip/posterior thigh wound with residual weakness status post irrigation and debridement, bipolar disorder, post-traumatic stress disorder (PTSD), anxiety disorder, panic disorder, and chronic pain syndrome. These are the claimant's current impairments." (Tr. 13). Since March 1, 2018, the ALJ found at step three that Plaintiff had not had an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. pt. 404, subpt. P, app. 1 (20 C.F.R. §§ 404.1525, 404.1526, 416.925, and 416.926). (Tr. 13). The ALJ further found that medical improvement occurred on March 29, 2018. (Tr. 15).

At step four, the ALJ found that the medical improvement was related to the ability to work because by March 29, 2018, Plaintiff's CPD impairments no longer

met or medically equaled the same listings that were met at the time of the CPD. (Tr. 16). At step six, the ALJ determined that since March 29, 2018, Plaintiff continued to have a severe impairment or combination of severe impairments. (Tr. 17).

At step seven, the ALJ found that since March 29, 2018, Plaintiff has had the following residual functional capacity ("RFC"):

> Since March 29, 2018, based on the current impairments, the claimant has had the residual functional capacity to perform light work as defined in 20 [C.F.R. §§] 404.1567(b) and 416.967(b) that requires no more than lifting 20 pounds occasionally and 10 pounds frequently, standing or walking for approximately 4 hours in an 8-hour workday, and sitting for approximately 6 hours in an 8-hour workday with normal breaks. She is further limited to work that does not require more than occasional climbing ladders, ropes, or scaffolds nor more than frequent climbing ramps and stairs, balancing, crawling, crouching, kneeling, and stooping. She is limited to work that does not require more than a concentrated exposure to extreme cold and wetness. She is limited to occupations with a noise intensity level no greater than moderate or level 3 as defined in the Selected Characteristics of Occupations (SCO). She is further limited to work that is simple as defined in the Dictionary of Occupational Titles (DOT) as (SVP) levels 1 and 2, routine and repetitive tasks in a work environment free of fast paced production requirements, which is defined as constant activity with work tasks performed sequentially in rapid succession, involving only simple-work related decisions with few, if any, workplace changes. She is limited to no more than occasional interaction with the general public, co-workers and supervisors.

(Tr. 18).

At step eight, the ALJ determined that since March 29, 2018, Plaintiff has been unable to perform her past relevant work as a department manager. (Tr. 24). The ALJ found that after considering Plaintiff's age (36 on March 29, 2018),

education (at least high school), work experience, and RFC, and based on the current impairments, Plaintiff had been able to perform a significant number of jobs in the national economy. (Tr. 24). Specifically, the vocational expert testified that a person with Plaintiff's limitations could have performed such occupations as:

(1) Folder laundry, DOT 369.687-018,[1] light, SVP 2

(2) Marker, DOT 209.587-034, light, SVP 2

(3) Stock checker, apparel, DOT 299.667-014. light SVP 2

(Tr. 25). The ALJ concluded that Plaintiff's disability ended on March 29, 2018, and she had not become disabled again since that date. (Tr. 25).

## II.   Analysis

On appeal, Plaintiff argues that the RFC did not address Plaintiff's ability to carry and only addressed a lifting limitation. (Doc. 22, p. 6). Plaintiff claims that the jobs identified by the vocational expert may require both lifting and carrying 20 pounds occasionally and 10 pounds frequently, not just lifting. (Doc. 22, p. 6). Plaintiff suggests that a person with a severe hip impairment may be less able to carry than to lift. (Doc. 22, p. 6).

In the RFC assessment, the ALJ limited Plaintiff to performing light work, with additional limitations. (Tr. 18). In the regulations, light work involves, "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects

---

[1] DOT refers to the *Dictionary of Occupational Titles*.

weighing up to 10 pounds." 20 C.F.R. §§ 404.1567(b), 416.967(b). Even though the ALJ did not specify a carrying requirement, the limitation to light work includes the above carrying limitation. Plus, the vocational expert testified that the jobs of folder, marker, and stock checker—apparel are light exertional-level jobs, which again includes a carrying limitation by definition. (Tr. 69). Lastly, Plaintiff only posits that an individual with a severe hip impairment "may" be able to carry less, but provides no citation to the record actually showing that Plaintiff could not meet a carrying requirement. Plaintiff's argument also fails given her testimony at the hearing that she could lift and carry 15 to 20 pounds. (Tr. 58-59). Substantial evidence supports the ALJ's RFC assessment, hypotheticals to the vocational expert, and reliance on the vocational expert's testimony.

### III.  Conclusion

For the reasons discussed above, the Court finds that the decision of the Commissioner is supported by substantial evidence and the Commissioner applied the correct legal standard. The decision of the Commissioner is **AFFIRMED**. The Clerk of Court is directed to enter judgment consistent with this opinion, terminate all deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on September 10, 2024.

_____
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties